PEDIGO v. CITY OF CHATTANOOGA et al.

Eastern Section.   February 25, 1933.

Petition for Certiorari denied by Supreme Court, June 24, 1933.

Thach & Thach, of Chattanooga, for plaintiffs in error.

J. W. Anderson, City Attorney, and Eugene Tatum, Assistant City Attorney, both of Chattanooga, for defendant in error, city.

Lynch, Bachman, Phillips & Lynch, of Chattanooga, for defendant in error, railroad company.

THOMPSON, J. These two cases were tried together in the court below and have come up upon a single record. They will therefore be dealt with together in this opinion.

Both suits are against the city of Chattanooga, the Belt Railway Company, and the Alabama Great Southern Railway Company.

Mrs. Sophronia Pedigo, as the widow of L. E. Pedigo, deceased, sues for damages for the negligent and wrongful killing of her deceased husband, L. E. Pedigo, who was sixty-three years of age at the time of his death. She sues in behalf of herself and children. Jesse Pedigo, an infant sixteen years of age, sues by next friend for personal injuries sustained by him. He was riding in the truck with his father, L. E. Pedigo, at the time of the accident which happened on the morning of July 24, 1931. .

The deceased, L. E. Pedigo, and his son, Jesse Pedigo, and in fact the entire Pedigo family lived at Burning Bush near Ringgold, Ga. At the time of the accident L. E. Pedigo and Jesse Pedigo were hauling pine logs from the land of Taylor Brown on the Gunbarrel road to the Phillips Excelsior Mills in Alton Park. They were using a 1-ton Ford truck and had a load of about one-half a cord, or a medium load. The logs were green pine, and were from six to twelve inches in diameter and about four feet long.

Within the corporate limits of the city of Chattanooga, Dodds avenue extends north and south, and about two blocks west of it Eighth avenue extends north and south. About midway between these two streets the Belt Railway, a single track, extends north and south. This track, although belonging to the Belt Railway Company, is operated by the Alabama Great Southern Railway Company.

East Twenty-Ninth street extends westwardly from Dodds avenue to the said Belt Railway track. It ends a few feet east of said track. At the time of the accident there was a dirt embankment from one to two feet high extending crosswise of Twenty-Ninth street at its west end, which, as stated, was a few feet east of the railway track. Between this embankment and the track there was a depression or ditch a foot or more deep. There was a post in the end of the street, although not exactly in the center thereof. This post was immediately west of the dirt embankment and immediately east of the depression or ditch. It was no doubt placed there, as was the dirt embankment, for the purpose of signifying that the street ended at the east side of the railway track. The ties and track were laid upon the top of the ground and extended above it.

There was no street on the west side of the track extending from it to Eighth avenue, although the land had been cleared. It seems, however, that from Eighth avenue eastward, vehicles could travel a part of the distance to the track.

One or two of the witnesses whom the plaintiffs introduced testi-

fied, and the pictures which the plaintiffs introduced show, that a person traveling westwardly from Dodds avenue on East Twenty-Ninth street could see for a considerable distance that East Twenty-Ninth street ended at or near the east line of the railway track. Going from Dodds avenue westwardly along East Twenty-Ninth street to the railway track, the grade was slightly down hill. Although the dirt embankment across the end of the street obscured the railway track, yet said track both north and south of the ends of this embankment could be seen by a person traveling westwardly along East Twenty-Ninth street.

The record indicates that neither L. E. Pedigo nor Jesse Pedigo had ever traveled East Twenty-Ninth street before. L. E. Pedigo was driving, and neither he nor Jesse saw or realized that the street ended and did not cross the track until about the time their truck crossed the dirt embankment. The truck went across the embankment, over the ditch and across the railway track, and ran into a telephone or telegraph pole on the west side of the track and stopped with its rear wheels still on the track. L. E. Pedigo was thrown against the telephone or telegraph pole and his head was crushed. He died within four or five minutes after the accident. Jesse Pedigo was thrown forward some twenty-five feet, and sustained personal injuries. A witness also testified that the logs in the truck were thrown out of it and, as she said, "flew" through the air. Nevertheless, Jesse testified that they were traveling at a speed of only eight or ten miles per hour as they approached the railway track.

At the conclusion of the plaintiffs' testimony the trial court directed a verdict in favor of the defendants, and we think he was correct.

The declaration seems to be predicated upon a failure to maintain a crossing and failure to place boards upon the same as required by a municipal ordinance. The proof, however, shows that there was never a crossing at the place of the accident. The street simply ended at the east side of the track, and if there is liability it must be upon the ground that no sufficient warnings or barriers were constructed to show the ending of the street. It seems to us that the dirt embankment and the post and the view of the track were sufficient, and that none of the defendants were negligent. We are of the opinion that the sole proximate cause of this unfortunate accident was the failure of both L. E. Pedigo and Jesse Pedigo to see and observe what they should have seen.

It results that in our opinion there was no error in the judgment of the trial court, and the same will be affirmed, with costs.